# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 CR 670 – 1 | DATE | DECEMBER 4, 2002 |
| CASE TITLE | UNITED STATES OF AMERICA v. MARIA E. MAGANA-BONNER and VERNON R. BONNER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Magana-Bonner's motion for payment of expert witness fees [117] is granted in part and denied in part. It is found that witness Eric Ostrov is entitled to $5,000.00 compensation and that witness J. Jerry Rodos is entitled to $300.00 compensation plus $14.00 in expenses. Counsel for Magana-Bonner shall promptly submit the appropriate voucher forms so that the payments can be processed.

(11) ■ [For further detail see MEMORANDUM AND OPINION attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC – 5 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | IS docketing deputy initials | 126 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 DEC –4 PM 4:49 | 12/4/2002 date mailed notice | |
| cw | courtroom deputy's initials | FILED TO Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,                )
                                     )
       v.                             )   No. 01 CR 670
                                     )
MARIA E. MAGANA-BONNER and           )
VERNON R. BONNER,                    )
                                     )
            Defendants.               )

DEC - 5 2002

**MEMORANDUM OPINION AND ORDER**

Defendant Maria Magana-Bonner's trial was held from July 23, 2002 through August 1, 2002, when verdicts of guilty were returned. The sentencing of Magana-Bonner is presently set for December 4, 2002. Presently pending is defendant's motion for payment of expert witness fees. Defendant, who had appointed counsel under the Criminal Justice Act ("CJA"), requests payment, through the CJA, for two expert witnesses who testified at trial.

Eric Ostrov has a J.D. and a Ph.D in psychology. On March 20, 2002, defendant's motion to appoint expert witness was granted to the extent stated in court and subject to submission of the appropriate CJA form. At the time of this ruling, the court stated that the amount of this expense that could be

incurred would be subject to a limit. On March 27, 2002, the court signed an authorization form permitting the expenditure of up to $5,000.00 for "psychological evaluation to determine whether Def. could possess intent to commit charged offenses."

On Ostrov's behalf, defendant now seeks approval of reimbursement for $6,581.25 in fees based on 29.25 regular hours of work at $225.00 per hour.[1] Also requested is $1,462.50 representing 13.00 hours at $112.50 per hour for time spent traveling from a vacation in Mexico to the courthouse and back to Mexico. Also requested is transportation expenses of $704.64 for the roundtrip airfare from Mexico and $50.00 for roundtrip cabfare between the airport and courthouse. Additionally, $84.75 (representing .75 hours at $112.50 per hour) is requested for travel time to and from the courtroom for the July 22, 2002 competency hearing. The government opposes reimbursement other than the $5,000.00 limit approved in advance.

On May 8, 2002, the trial in this case was set for July 22, 2002. On July 12, 2002, defendant moved for a determination of mental competency. On July 17, 2002, that motion was granted and the hearing was set for July 22, 2002, the date that had been set for the beginning of the trial. Ostrov testified at that hearing. Following the hearing, the court

---

[1] The government raises no objection to the $225.00 per hour rate.

found defendant to be competent and the trial commenced the following day.

CJA rules regarding the compensation of experts provide:

> A. <u>With Prior Authorization</u>. With prior authorization, compensation for investigative, expert and other services is limited to $1,000 per organization or individual, exclusive of reimbursement for expenses reasonably incurred, per individual authorization to perform said service, . . . . Payment in excess of the $1,000 limit for services authorized prior to the performance thereof may be made when certified by the United States judge . . . and approved by the chief judge of the circuit . . . as being necessary to provide fair compensation for services of an unusual character or duration. If it can be anticipated that the compensation will exceed the statutory maximum, advance approval should be obtained from the court and the chief judge of the circuit . . . .
>
> B. <u>Without Prior Authorization</u>. Subsection (e)(2)(A) of the Act authorizes the obtaining of investigative, expert and other services, without prior authorization but subject to subsequent review, providing the cost of the services obtained does not exceed $300 plus expenses reasonably incurred . . . . This $300 limit may be waived however (see subsection (e)(2)(B) of the Act), if the presiding judge . . . in the interest of justice, finds that timely procurement of necessary services could not await final authorization.

VII <u>Guide to Judiciary Policies & Procedures</u> § 3.02. The corresponding statutory provisions are found at 18 U.S.C. § 3006A(e).

This provision does not mandate that advance approval be obtained for the amount in excess of $1,000.00, but it does provide that such advance approval "should" ordinarily be

obtained. In this case, the trial date was set approximately two and one-half months before the trial began. Through July 15, 2002, Ostrov had already incurred $4,196.25 in billable time. It was clear by then, if not much earlier, that the report writing and testimonial time remaining to be incurred would bring the charges well above the $5,000.00 limit that had been approved. Nevertheless, neither counsel nor Ostrov put forth any effort to obtain advance approval for further funds, even at the July 22 hearing, by which time the $5,000.00 limit had already been exceeded.

Defendant contends exceeding the limit could not have been anticipated because counsel did not anticipate that, in addition to the issue of mental condition at the time the offense was committed, there would be an issue of competency to stand trial. Even accepting as true that counsel's own interaction with defendant was not enough to alert counsel, Ostrov's time records show that he interviewed defendant on June 26 and spoke to counsel on June 27. Moreover, on July 12, counsel filed a motion for a competency hearing. At the same time, approval for additional expenditures could have been requested. No unanticipated issues prevented defendant (through counsel) from timely requesting advance approval for additional expenditures.

Defendant also contends that the $5,000.00 should not be considered a binding figure because the form refers to it as an "estimate." It is indeed an estimate when placed on the form by

obtained. In this case, the trial date was set approximately two and one-half months before the trial began. Through July 15, 2002, Ostrov had already incurred $4,196.25 in billable time. It was clear by then, if not much earlier, that the report writing and testimonial time remaining to be incurred would bring the charges well above the $5,000.00 limit that had been approved. Nevertheless, neither counsel nor Ostrov put forth any effort to obtain advance approval for further funds, even at the July 22 hearing, by which time the $5,000.00 limit had already been exceeded.

Defendant contends exceeding the limit could not have been anticipated because counsel did not anticipate that, in addition to the issue of mental condition at the time the offense was committed, there would be an issue of competency to stand trial. Even accepting as true that counsel's own interaction with defendant was not enough to alert counsel, Ostrov's time records show that he interviewed defendant on June 26 and spoke to counsel on June 27. Moreover, on July 12, counsel filed a motion for a competency hearing. At the same time, approval for additional expenditures could have been requested. No unanticipated issues prevented defendant (through counsel) from timely requesting advance approval for additional expenditures.

Defendant also contends that the $5,000.00 should not be considered a binding figure because the form refers to it as an "estimate." It is indeed an estimate when placed on the form by

obtained. In this case, the trial date was set approximately two and one-half months before the trial began. Through July 15, 2002, Ostrov had already incurred $4,196.25 in billable time. It was clear by then, if not much earlier, that the report writing and testimonial time remaining to be incurred would bring the charges well above the $5,000.00 limit that had been approved. Nevertheless, neither counsel nor Ostrov put forth any effort to obtain advance approval for further funds, even at the July 22 hearing, by which time the $5,000.00 limit had already been exceeded.

Defendant contends exceeding the limit could not have been anticipated because counsel did not anticipate that, in addition to the issue of mental condition at the time the offense was committed, there would be an issue of competency to stand trial. Even accepting as true that counsel's own interaction with defendant was not enough to alert counsel, Ostrov's time records show that he interviewed defendant on June 26 and spoke to counsel on June 27. Moreover, on July 12, counsel filed a motion for a competency hearing. At the same time, approval for additional expenditures could have been requested. No unanticipated issues prevented defendant (through counsel) from timely requesting advance approval for additional expenditures.

Defendant also contends that the $5,000.00 should not be considered a binding figure because the form refers to it as an "estimate." It is indeed an estimate when placed on the form by

defendant. Upon approval by the court, though, the figure on the form becomes the actual amount that the court has approved in advance. The amount approved in advance was $5,000.00 and, despite the opportunity to do so, no attempt was made to thereafter seek approval for additional amounts.

Defendant implies that Ostrov should not be deprived of payment due to any failures on defense counsel's part to seek the appropriate approval. Reaching such a conclusion in the present case, though, would essentially obliterate the advanced approval rule. Failure to follow the applicable rules in submitting a reimbursement request will almost always be the fault of the defendant's attorney who was responsible for submitting the request. Defendant points to no special circumstance in this case that distinguishes it from the usual case. Moreover, Ostrov is an experienced psychologist who testified that he has much experience providing services related to criminal cases. See July 22, 2002 Tr. at 3, 5. It is likely that he has more than passing familiarity with the need to submit reimbursement forms for compensation related to federal criminal cases. But even if Ostrov had no knowledge of the reimbursement rules, no sufficient basis has been presented for treating this case as an exceptional case in which the advanced approval rule may be ignored.

Ostrov's compensation will be limited to the $5,000.00 limit that was approved in advance.[2]

Also requested for Ostrov is travel time and travel expenses for coming from and returning to a Mexican vacation so that he could be available to testify during the trial. Since the limit for compensation has already been exceeded, Ostrov would not be entitled to any additional compensation for the time spent traveling.[3] Expenses, including travel expenses, are not included in the limit.

By accepting the assignment to examine defendant and testify, if necessary, Ostrov committed himself to being reasonably available. The trial date for this case was set approximately two and one-half months before the trial began. That was sufficient time for Ostrov to schedule his vacation around the trial date or inform defendant of his unavailability. In defendant's reply, it is stated that "[i]t is true that the undersigned could have kept Dr. Ostrov better informed about the trial schedule in this case." No details or supporting affidavit are provided as to what information Ostrov was provided about the trial date, when he planned and reserved his vacation, nor the costs of modifying or canceling his vacation plans. It has not

---

[2]$5,000.00 for 29.25 hours represents approximately $171.00 per hour, which is still a reasonable fee.

[3]Even if the cap were to be ignored, this compensation would be denied for the same reason that the travel expenses are being denied.

been shown that Ostrov made a reasonable effort to avoid a conflict. Defendant also argues that the travel conflict could have been avoided if the government had not objected to permitting Ostrov to testify at the beginning of the trial, that is, out of order in the midst of the government's presentation of its case. The government was not unreasonable in declining to agree to that procedure, which was, in any event, the result of Ostrov having failed to arrange to be in Chicago during the dates for which the trial had been scheduled. The expenses of traveling to and from Mexico are not found to have been reasonably incurred and therefore will not be compensated.

Also requested is $454.00 as "expenses" of witness J. Jerry Rodos, D.O., D.Sc. Since no advance approval was obtained, compensation for Rodos's services are limited to $300.00 plus reasonable expenses. It is represented that Rodos is not requesting any fee for the testimony itself, only reimbursement for the expense of having to hire others to perform the assignments he had to miss because of his being in court. The requested amounts are $190.00 paid to someone to present a course lecture that Rodos was to have presented and $250.00 for someone to provide clinic coverage that Rodos was supposed to perform that day. Also requested is $14.00 for parking.

The government contends that Rodos was not an expert witness and therefore follow the procedure applicable to an ordinary fact witness. The government contends Rodos could seek

compensation for the parking by filing the appropriate form with the Clerk of the Court.

Contrary to the government's contention, Rodos testified as an expert. However, payments to others to perform work obligations is not a compensable expense. Rodos, however, will be awarded the $300.00 maximum that is available as compensation for time spent coming to and from and testifying in court. He will also be awarded the $14.00 parking expense.

IT IS THEREFORE ORDERED that defendant Magana-Bonner's motion for payment of expert witness fees [117] is granted in part and denied in part. It is found that witness Eric Ostrov is entitled to $5,000.00 compensation and that witness J. Jerry Rodos is entitled to $300.00 compensation plus $14.00 in expenses. Counsel for Magana-Bonner shall promptly submit the appropriate voucher forms so that the payments can be processed.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 4, 2002